# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Breanne Toben,

            Plaintiff,

vs.

Red House Medical Billing MI LLC,
Jeff Hillam, a married man

            Defendants.

Case No.:

**COMPLAINT**

(Jury Trial Demanded)

---

Michelle R. Matheson #019568
Emily D. Armstrong, Of Counsel, #030082
MATHESON & MATHESON, P.L.C.
Attorneys for Plaintiff
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com

Jennifer L. McManus (P65976)
FAGAN MCMANUS, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

---

      Plaintiff Breanne Toben ("Plaintiff"), by and through her undersigned counsel, for her Complaint against Defendants Red House Medical Billing MI LLC and Jeff Hillam states and alleges as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resided in this judicial district at all times relevant to this dispute.

2. Defendant Red House Medical Billing MI LLC is a Michigan Limited Liability Company located at 28345 Beck Road in Wixom, Michigan. ("Defendant Red House").

3. Defendant Red House and its corporate predecessor employed Plaintiff from June of 2017 through February 2021.

4. At all times relevant, Plaintiff was an "employee" of Defendant Red House within the meaning of 29 U.S.C. § 203(e)(1).

5. Defendant Red House was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

6. Defendant Jeff Hillam was at all times relevant to this dispute the CEO of Defendant Red House. In this capacity he made decisions regarding Plaintiff's job duties and compensation.

7. Defendant Hillam was also Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

8. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 *U.S.C.* 201, *et seq.*, for failure to pay Plaintiff overtime compensation for all hours over 40 during weeks in which Plaintiff worked over 40 hours.

9. At all times material, Defendant Red House was an enterprise engaged in interstate commerce as defined by the FLSA. 29 U.S.C. § 203.

10. Additionally, Plaintiff was engaged in "commerce" under 29 U.S.C. §§ 203 and 207(a)(1).

11. Plaintiff's work for Defendants was performed in Oakland County in this judicial district. Venue is therefore appropriate under 28 U.S.C. § 1391(b).

12. This Court has jurisdiction under 28 U.S.C. § 1331.

## FACTS COMMON TO ALL COUNTS

13. Defendant Red House offers medical billing, coding and credentialing services to healthcare providers.

14. Defendant Red House hired Plaintiff in June of 2017 as an administrative assistant. In this position Plaintiff performed a variety of administrative and secretarial functions as well as credentialing of providers. At the time Plaintiff was hired, the Company operated as Boji Medical Billing MI, LLC.

15. Plaintiff's position was a non-exempt position. She was paid an hourly wage of $18 per hour. She earned an overtime wage rate of $27 per hour for hours worked over 40 in a workweek.

16. On or about January 1, 2020, Boji Medical Billing merged with another billing company by the name of Ultimate Billing, and the new entity became Red House Medical Billing MI LLC.

17. After the merger, Plaintiff's remained a non-exempt employee and her wage rate of $18 per hour and her overtime rate of $27 per hour did not change.

18. In March 2020, Defendant's new CEO Jeff Hillam proposed a new employment agreement, which would have changed Plaintiff's title, job duties and compensation structure. Specifically, Mr. Hillam proposed changing Plaintiff's title to Director of Corporate Development, with a salary of $37,500 per year.

19. Plaintiff did not agree to the newly proposed employment agreement. She never signed the agreement proposed by Mr. Hillam, and her primary job duties did not change.

20. Instead, Plaintiff continued to perform her same job duties through the end of her employment and continued to report her actual hours worked through Defendants' payroll system.

21. Hillam admits that Plaintiff "never signed the employee agreement and never took on the role." *See* Exhibit 1.

22. Despite knowing that Plaintiff did not sign the employee agreement and continued to perform non-exempt job duties, Defendants unilaterally changed Plaintiff's pay rate to a base salary, without notice to Plaintiff.

23. This change to Plaintiff's pay rate was directed by Defendant Hillam.

24. Following this change, Defendants began paying Plaintiff a "salary" equivalent to "18.0287" per hour but did not pay her overtime for any hours she

4

worked over 40 in a workweek (or over 80 hours in a two-week period).

25. Plaintiff regularly worked more than 40 hours in a work-week, due to the volume of work and the deadlines imposed by Defendants.

26. Plaintiff contemporaneously recorded her hours worked, and her paystubs reflect the actual hours she worked.

27. Defendants did not pay Plaintiff any additional compensation or time and a half premium overtime compensation for overtime hours she worked after the pay period ending March 30, 2020.

28. Plaintiff, however, was not exempt from the overtime requirements of the FLSA.

29. Defendants therefore owes Plaintiff 1.5 times her regular rate of pay for the hours she worked over 40 in a workweek from March 30, 2020 through the end of her employment, plus liquidated damages in an equal amount.

30. Plaintiff's payroll records reflect that she worked 230.38 hours of uncompensated overtime during the time period of March 30, 2020 through the end of her employment.

31. Defendants were aware that Plaintiff worked these hours and were also aware that she was not exempt from the overtime provisions of the FLSA.

32. Plaintiff is therefore owed $12,458.95 in unpaid overtime wages and penalties. *See Exhibit 2*.

## **COUNT I – Violation of FLSA**

33. Plaintiff re-alleges and incorporates all allegations in all preceding paragraphs as if fully set forth herein.

34. Section §207 of the FLSA provides in relevant part:

[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

35. Section 216(b) of the FLSA provides in relevant part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

36. Plaintiff was entitled to be paid one and one-half times her regular hourly rate of pay for each hour worked in excess of 40 hours per workweek.

37. In the course of her employment with Defendants during the above-referenced time period, Plaintiff worked the number of hours required of her, many times in excess of 40 hours, but was not properly paid compensation and overtime compensation for those hours.

38. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to pay Plaintiff compensation and overtime compensation, for all hours worked over 40 in each workweek.

39. Plaintiff has been harmed and suffered damages by being denied her wages and overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

40. As a result of Defendants' unlawful acts, Plaintiff is entitled to recovery of overtime wages, liquidated damages in twice that amount, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff prays for relief against Defendants as follows:

a. An Order declaring that Defendants violated the FLSA;

b. Judgment for Plaintiff against Defendants for the wages and overtime payments due Plaintiff for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

c. Liquidated damages against Defendants as set forth in 29 U.S.C. § 216(b);

d. An order awarding Plaintiff reasonable attorneys' fees along with costs and expenses against Defendants pursuant to 29 U.S.C. § 216(b); and

e. Any and all other relief the Court deems just and proper.

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
     Jennifer L. McManus  (P65976)
     Attorney for Plaintiff
     25892 Woodward Avenue
     Royal Oak, MI  48067-0910
     (248) 542-6300
Dated:  September 29, 2021          jmcmanus@faganlawpc.com

**MATHESON & MATHESON, P.L.C.**

By: /s/ Michelle R. Matheson
Michelle R. Matheson, #019568
*Attorney for Plaintiff*

### PLAINTIFF'S DEMAND FOR JURY TRIAL

NOW COMES the above-named Plaintiff, by and through her attorneys, MATHESON & MATHESON, P.L.C. and FAGAN MCMANUS, P.C., and hereby demands trial by jury on the above matter.

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
Jennifer L. McManus  (P65976)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

Dated:  September 29, 2021

**MATHESON & MATHESON, P.L.C.**

By: /s/ Michelle R. Matheson
Michelle R. Matheson, #019568
*Attorney for Plaintiff*