UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

BREANNE TOBEN,

    PLAINTIFF,

v.                                                                                          Case No. 21-12293

RED HOUSE MEDICAL BILLING MI LLC,          Sean F. Cox
JEFF HILLAM, A MARRIED MAN                         United States District Court Judge

    Defendants.
_____/

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

    This case stems from an employment dispute between Breanne Toben and her past employer, Red House Medical Billing MI LLC and Jeff Hillam, wherein it allegedly changed Toben from an hourly to a salaried employee without her knowledge or consent as a way of avoiding paying her overtime. The issue that remains is whether Toben's request for attorneys' fees and costs is reasonable and should be granted. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Toben's motion for attorneys' fees and costs. The Court **DENIES** the request for Toben's out-of-state counsel's bar admissions fees, certification fees, and any fees incurred after the motion hearing. The remainder of the motion is **GRANTED**.

**BACKGROUND**

    On or about September 9, 2021, Plaintiff Breanne Toben ("Toben") filed a complaint against Defendants Red House Medical Billing MI LLC ("Red House") and Jeff Hillam ("Hillam") in federal court based on Federal Question Jurisdiction asserting a violation of §207

1

of the Fair Labor Standards Act ("FLSA").  Defendants Red House and Hillam filed their answer to the complaint on December 3, 2021.

On February 24, 2022, defendants Red House and Hillam entered an Offer of Judgment in favor of Toben in the amount of $12,458.95 for all claims under the FLSA including, but not limited to, claims for wages, overtime, and liquidated damages, but *not including* Toben's claims for costs and attorneys' fees. That same day, Toben filed her Notice of Acceptance of Offer of Judgment. This Court approved the Offer of Judgment on March 15, 2022.  Thus, the claims have been resolved.

Toben filed a Bill of Costs on April 12, 2022, requesting $402.00 in Fees of the Clerk, which was approved by the Clerk's Office. That same day, Toben also filed a motion for Attorneys' Fees. E.D.Mich. LR 54.1.2.

In their May 23, 2022 response, Red House and Hillam's agreed that "reasonable attorneys' fees are mandatory by statute" in this case. (ECF No.29 at PageID.222). However, the parties disagree as to whether Toben's fee calculation is "reasonable." *Id.*  Toben filed her reply to Red House and Hillam's response on June 30, 2022, and requested that this Court grant her motion for attorneys' fees and costs. (ECF No. 33 at PageID.280).  The court held a motion hearing on July 21, 2022.

**Applicable Legal Standard**

Typically, litigants in federal court bear their own expenses and attorneys' fees. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 543, 550 (2010). But, if reasonable attorneys' fees are required by statute, courts must then determine what is reasonable in that particular case. Fed. R. Civ. P. 54(d); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Under § 216(b) of the FLSA an award of attorneys' fees and costs to a prevailing plaintiff is mandatory, but the award amount is at the

2

discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).  It is the employer's obligation to pay the prevailing plaintiff's attorneys' fees and costs. *United Slate, Tile and Composition Roofers Ass'n v. G & M Roofing, Inc.*, 732 F.2d 495, 504 (6th Cir. 1984).

## ANALYSIS

This Court scheduled a hearing on the motion for Attorneys' Fees and Non-Taxable Costs for July 21, 2022. The issue remaining in this case is whether Toben's attorneys' fees calculation is reasonable and should be granted.  In their May 23, 2022, response Red House and Hillam agreed that "reasonable attorneys' fees are mandatory by statute" under the FLSA but disagree as to what is "reasonable" in this case. (ECF No.29 at PageID.222).

### A. Calculation of Attorneys' Fees

First, a court must choose how to calculate attorneys' fees in a given case. There are two methods for calculating attorneys' fees: the "lodestar method" and the "percentage of the fund method". *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999); *Gascho v. Glob. Fitness Holdings, LLC,* 822 F.3d 269, 279 (6th Cir. 2016). The lodestar method "multiplies the number of hours 'reasonably expended' on the litigation by a 'reasonable hourly rate'" and courts "may then, within limits, adjust the 'lodestar' to reflect relevant considerations." *Gascho v. Glob. Fitness Holdings*, LLC, 822 F.3d 269, 279 (6th Cir. 2016) (internal citations omitted). Those relevant considerations are: (1) time and labor, (2) novelty and difficulty of the questions, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and the results obtained, (9) the attorney's experience, reputation, and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client relationship and (12) awards in similar cases. *See Hensley,* 461 U.S. at 430 n.3.

3

Under the percentage-of-the-fund method, "the court determines a percentage of the settlement to award" to the plaintiff. *Gascho* at 279.  The Sixth Circuit has held that "use of either the lodestar or percentage-of-the-fund method of calculating attorneys' fees is appropriate," so long as the court articulates its rationale for choosing a methodology. *Rawlings v. Prudential-Bache Properties*, Inc., 9 F.3d 513, 517 (6th Cir. 1993).  In this case, both parties use the lodestar method to calculate attorneys' fees.

Under the lodestar method, courts must determine what constitutes "reasonable" attorneys' fees.  The Sixth Circuit defines "reasonable" in the attorney-fee context as "one that is adequately compensatory to attract competent counsel, yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (2000) (internal citations omitted).  Under the lodestar methodology, courts should consider the "prevailing market rate in the relevant community". *Adcock-Ladd* at 350 (emphasis removed).  The lodestar is presumed to be reasonable "where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008).  "'When… the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee' to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (citing *Blum v. Stenson*, 465 U.S. 886, (1984)).

Toben claims that "the lodestar method, which calculates counsel's reasonable hourly rate and the number of hours that counsel reasonably expended on the case, is presumptively adequate to achieve these goals.  Plaintiff's counsel's lodestar is presumed to be the reasonable fee to which counsel is entitled." (ECF No.25 at PageID.93) (internal citations omitted). This is a mischaracterization.  In actuality, the party seeking the attorneys' fees must first carry her burden

4

of establishing that the number of hours and the rate claimed are reasonable.  As stated above, "'[w]hen… the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee' to which counsel is entitled." *Pennsylvania*, 478 U.S. at 564 (1986).  Only then is a party's calculation presumed to be reasonable.  As explained below, this Court Finds that Toben's hours and rate claimed are reasonable, resulting in part in a reasonable fee calculation.

### B. Reasonableness of Hourly Rate and Hours Worked

Red House and Hillam argue that the attorneys' fees listed by Toben are not reasonable because (1) the hours worked were unnecessarily increased by Toben's use of both out-of-state and in-state counsel, as well as claiming an excessive number of hours for various tasks; and (2) the hourly rate is well outside the local average for such work and is thus not reasonable. (ECF No.29 at PageID. 222, 226-27).

Toben argues that both the hours worked and hourly rates are reasonable and that the hourly rates listed are "within, and in fact less, than the amount typically charged in this locale and for this practice area." (ECF No.25 at PageID.94).

#### i. Hours Worked

First, in their response, Red House and Hillam provide no support for their assertions that using both in-state and out-of-state counsel is not reasonable, nor that Toben's hours worked were excessive. They simply state as fact that the hours worked on certain documents were duplicative, "excessive, redundant, or otherwise unnecessary". (ECF No.29 at PageID.222). Further, Red House and Hillam cite no law, rule, or case that shows using in-state and out-of-state counsel, or that similar hours billed have ever been found to be unreasonable.  Toben argues that her "time entries demonstrate that the hours spent were reasonable" and provides detailed

5

accounts of the hours billed to support her argument. (ECF No. 25-2 at PageID.130-33, 137; ECF No.33 at PageID.276; ECF No.33-2 at PageID.310). With no evidence to the contrary and based upon reviewing both party's briefs, the hours worked are deemed reasonable under the circumstances.

### ii.   Hourly Rate

Second, Red House and Hillam argue that Toben's hourly rates billed are unreasonably high. (ECF No.29, Page ID226-228).  Hourly rates are based on the "prevailing market rate[s] in the relevant community" i.e., the venue of the court of record, regardless of where counsel is based. *Adcock*-Ladd, 227 F.3d at 350.  Red House and Hillam cite a State Bar of Michigan economics report in an attempt to support their assertion, stating that the hourly rates charged by Toben's counsel are above both the median and 75th percentile for this type of work in Michigan, and thus unreasonable. (ECF No.29 at PageID.226).  The report states that the median hourly rates for partners and associates in Michigan are $300 and $250 hours, respectively. (ECF 29-4 at PageID.256).  The 75th percentile hourly rates for partners and associates are $398 and $300, respectively. *Id.*  The 75th percentile and median hourly rates for attorneys in the field of employment law are $400 and $350, respectively. (ECF No.29-4 at PageID.258).  In this case, the hourly rate for partners was $450, and for associates was $350. (ECF 25-2 at PageID.117, ¶9-10).

| Attorney's Hourly Rates (MI)[1] | | | |
|---|---|---|---|
| | **Partner - General** | **Associate - General** | **Employment Law** |
| **Median** | $300 | $250 | $350 |
| **75th Percentile** | $398 | $300 | $400 |
| **Actual Toben Rates** | $450 | $350 | |

---

[1] ECF 29-4 at PageID.256, 258 (citing the State Bar of Michigan Report *2020 Economics of Law Practice: Attorney Income and Billing Rate Summary Report*).

In support of the reasonableness of her hourly rates, Toben cites a decision in this District in which the Court found Toben's attorney's "blended average hourly rate of $409…to be reasonable, warranted, and customary in the legal community among lawyers with similar experience." (ECF No.25-2 at PageID.152) (citing *Bourne v. Ansara Restaurant Group, Inc. et. al.*, No. 16-10332, 2016 WL 7405804, at *2 (E.D. Mich. Dec. 22, 2016) (before Judge David M. Lawson)). That case was also an FLSA case that required similar legal expertise in that area. *Id.*

In this case, Toben's blended average hourly rate is approximately $350—falling exactly at the median hourly rate for employment law cases in Michigan. (ECF No.29 at PageID.228). While this case is not a class action as *Bourne* was, specialization in FLSA would still fall within the specialization area of employment law, which appears to be reasonable in this case.

Even if the Court did not consider the blended average hourly rate and instead looked only at the individual hourly rates, the rates would still be reasonable under the circumstances. Red House and Hillam claim that since the rates in this case are above the local 75th percentile billing rate they are unreasonably high. (ECF No.29 at PageID.226). This Court concludes otherwise.

By definition, the 75th percentile is not outside the realm of possibility in this locale— approximately 25 percent of cases have higher billing rates. Further, the same source Red House and Hillam use for determining local billing rates states that when considering the practice area, employment attorneys in Michigan charge a median of $350 per hour to the 75th Percentile of $400 per hour—much closer to Toben's hourly rates of $450 and $350 for partners and associates, respectively. (ECF No.29-4 at PageID.258; ECF No.29 at PageID.226). The hourly

rates in this case are thus reasonable when considering the practice area and prevailing market rate in the community. *See Adcock-Ladd* at 350.

C. **Other Fees**

During the hearing, this Court asked Toben's counsel if she could cite any authority to support her request for her bar certification and admissions fees to be included in the reasonable attorneys' fees and costs calculation. Counsel cited no such authority.

The Court also stated that fees would only include attorneys' preparation up until the hearing, but not after.

For these reasons, the Court DENIED Toben's request for attorneys' fees and costs in relation to her bar certification, admissions fees, and any costs incurred after the hearing.

**CONCLUSION**

For the above reasons, **IT IS ORDERED** that Toben's motion for attorneys' fees and costs is **GRANTED** in part and **DENIED** in part. Toben's motion for out-of-state counsel's bar admissions fees, certification fees, and any fees incurred after the motion hearing is **DENIED**. The remainder of the motion is **GRANTED**. The Court awards Toben $13,450 in attorneys' fees, and $28.44 in non-taxable costs.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 26, 2022